UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHANE MICHEAL DAHIR<br><br>Plaintiff<br><br>v.<br><br>E.K. MCDANIELS, et al.,<br><br>Defendants | Case No.: 3:21-cv-00487-MMD-CSD<br><br>**Report & Recommendation of United States Magistrate Judge**<br><br>Re: ECF Nos. 20, 23 |

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff has filed a motion for leave to amend (ECF No. 23) and proposed first amended complaint (FAC) (ECF No. 20). The court screens Plaintiff's proposed FAC, and recommends that Plaintiff's motion be denied, and this action proceed as set forth in the original screening order.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), and is proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. The court screened Plaintiff's original complaint and allowed him to proceed with a single claim under the Fourth Amendment for an alleged unreasonable strip search against defendant Macias. The court dismissed Associate Warden Baze, Warden Garrett, Director James Cox, Interim Director McDaniels, and Director Dzurenda without prejudice because Plaintiff did not sufficiently state a supervisory liability claim against them. The court also dismissed (among others) Plaintiff's retaliation claim, finding that while Plaintiff vaguely alleged officers destroyed his property as a

form of retaliation, he did not allege the retaliation was due to any protected First Amendment activity. (ECF No. 6.)

Plaintiff sought and was granted an extension of time to file a motion to amend. (ECF Nos. 18, 22.) He then filed this motion for leave to amend and proposed FAC (ECF Nos. 20, 23).

## II. DISCUSSION

**A. Leave to Amend**

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Otherwise, a party must seek the opposing party's written consent or leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2). Here, Plaintiff was required to seek leave to amend.

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given where amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted).

In addition, the court must screen any proposed amended complaint filed by litigants who are inmates and/or proceeding *in forma pauperis* (IFP). 28 U.S.C. § 1915(e), § 1915A.

**B. Screening Standard**

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.

§ 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading

must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**C. Plaintiff's Proposed FAC**

Plaintiff's proposed FAC names as defendants: Lovelock Correctional Center (LCC) Warden Tim Garrett, LCC Associate Warden Kim LeGrand, LCC Correctional Officers Jose Macias and Carlos Saavedra, as well as John Doe LCC Correctional Officers 1-6.

Plaintiff alleges that after exercising his right to redress through the prison grievance process for a prior violation of due process during a disciplinary hearing, an egregious and unreasonable strip search was commenced where Plaintiff's property was also lost or destroyed. Plaintiff avers that he asked to be strip searched in the bathroom, out of view of a transgender inmate and other inmates who were present, to no avail. As such, Plaintiff contends that the search was meant to harass, humiliate, or degrade. Plaintiff asserts this incident was reported to the "IG" office, and in response, another abusive search was conducted against Plaintiff. Plaintiff alleges that Macias and Saavedra and John Does 1-6 were personally involved, and Garrett and LeGrand are liable under a theory of supervisory liability because they were made aware, but they did nothing. Finally, Plaintiff asserts that Defendants breached their state law duty to protect Plaintiff's rights.

The court interprets Plaintiff's proposed FAC as attempting to assert two Fourth Amendment unreasonable strip search claims (one for the initial strip search, and a second unreasonable search after complaints were filed about the first search); perhaps two retaliation claims (one based on activity that precipitated the first strip search, and the second based on the reporting of the first strip search which resulted in the second alleged unreasonable search); a state law negligence claim; and supervisory liability claims against LeGrand and Garrett

First, Plaintiff's proposed FAC does not even state a sufficient claim for the Fourth Amendment unreasonable strip search as it contains no *factual* details regarding what each defendant did to violate his rights in this regard. In other words, it does not discuss what involvement either Macias or Saavedra (or the John Doe correctional officers) had in the strip search.

Second, Plaintiff does not state a colorable claim with respect to the alleged second search. Other than stating the search was unreasonable, Plaintiff provides no *factual* details regarding what occurred, how the search was unreasonable, which defendants were involved in the search, or what each defendant did to violate Plaintiff's rights.

Third, Plaintiff does not state a colorable retaliation claim. To state a retaliation claim, a plaintiff must allege: (1) a state actor took some adverse action against him (2) because of (3) the prisoner's protected conduct, and such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2004).

With respect to the first strip search, Plaintiff alleges that it was conducted as a result of his having sought redress for a prior due process violation related to a disciplinary hearing. Plaintiff fails to make any causal connection, however, between the prior disciplinary hearing

and the subsequent strip search. For example, he does not allege that the defendants he accuses of perpetrating the strip search had any involvement in or knew about the prior disciplinary hearing or grievance regarding the disciplinary hearing. Next, while Plaintiff contends complaints were made regarding the first strip search which resulted in a second unreasonable search, Plaintiff again makes no *factual* causal connection between the two incidents for purposes of stating a retaliation claim.

Fourth, apart from the fact that Plaintiff does not state the underlying claims for an unreasonable search or retaliation, Plaintiff does not include any *facts* to hold supervisors LeGrand and Garrett liable. A supervisory official is not liable for the actions of his or her subordinates under a theory of vicarious liability. *See Hansen v. Black*, 885 F.2d 642, 645-46 (9th Cir. 1989). Instead, the supervisor may be held liable only if he or she is personally involved in the constitutional deprivation or there is "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Id*. at 646. Plaintiff does not allege that LeGrand or Garrett were personally involved in the searches or retaliation. Instead, he includes a conclusory statement that they knew of the violations and did nothing, without providing any *factual* allegations to support this conclusion. This is insufficient.

Finally, Plaintiff may not proceed with his Nevada negligence claim in this action.

"In any action against the State of Nevada, the action must be brought in the name of the State of Nevada on relation of the particular department, commission, board or other agency of the State whose actions are the basis for the suit." *Id*. § 41.031(2). In addition, to bring a tort action arising out of an action or omission with the scope of a person's public duties or employment, a plaintiff must name the State or appropriate political subdivision as a party defendant. NRS 41.0337.

"The Eleventh Amendment grants a State immunity from suit in federal court by citizens of other states, U.S. Const. amend. XI, and by its own citizens as well[.]" *Walden v. Nevada*, 945 F.3d 1088, 1092 (9th Cir. 2019) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)). "States can waive their Eleventh Amendment sovereign immunity from suit in state and federal court." *Id*. (citing *Lapides v. Bd. of Regents of Univ. Sys. Of Ga.*, 535 U.S. 613, 618-21 (2002)). "Express waiver is not required; a state 'waive[s] its Eleventh amendment immunity by conduct that is incompatible with an intent to preserve that immunity." *In re Bliemeister,* 296 F.3d 858, 861 (9th Cir. 2002) (quoting *Hill v. Blind Indus. & Servs. of Md.*, 179 F.3d 754, 758 (9th Cir. 1999), *amended by* 201 F.3d 1186 (9th Cir. 2000)).

The State of Nevada has generally waived sovereign immunity for state tort actions in *state court*. Nev. Rev. Stat. § 41.031(1). With respect cases filed in *federal court*, the State of Nevada has not expressly waived its immunity from suit conferred by the Eleventh Amendment. Nev. Rev. Stat. § 41.031(3). Generally, the State of Nevada and arms of the state cannot be sued in federal court. *See O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982) (holding that "Nevada has explicitly refused to waive its immunity to suit under the eleventh amendment . . . The Supreme Court has made it clear that section 1983 does not constitute an abrogation of the eleventh amendment immunity of the states."). In *Stanley v. Trustees of California State University,* 433 F.3d 1129 (9th Cir. 2006), the Ninth Circuit held that 28 U.S.C. § 1367 does not abrogate state sovereign immunity for supplemental state law claims. *Id.* at 1133-34.

While a state can waive its Eleventh Amendment immunity by removing an action from state to federal court, this is not a removed action. *See Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 620 (2002); *Walden v. Nevada*, 945 F.3d 1088,1092-1093 (9th Cir. 2019) ("a

State that statutorily waives its immunity from suit on state-law claims in state court also waives its Eleventh Amendment immunity from suit on the same state-law claims when it voluntarily removes a state-law-claims case to federal court.").

Absent a waiver of Eleventh Amendment immunity, where the State of Nevada is an indispensable party (such as under NRS 41.0337), the federal court does not have supplemental jurisdiction over the state law tort claim because it does not have jurisdiction over the indispensable party—the State. *See Hirst v. Gertzen*, 676 F.2d 1252, 1264 (9th Cir. 1982) (holding that where Montana law deemed governmental entities indispensable parties in a state tort claim against a state employee, the federal court had no supplemental jurisdiction over the state tort claim if it had no jurisdiction over the indispensable party).

### III. RECOMMENDATION

In light of these findings, IT IS HEREBY RECOMMENDED that the District Judge enter an order that Plaintiff's motion for leave to amend (ECF No. 23) be **DENIED**, and this action **PROCEED** with the Fourth Amendment claim against Macias in the original complaint as is set forth in the original screening order.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: February 16, 2023

_____
Craig S. Denney
United States Magistrate Judge