UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SHANE MICHEAL DAHIR,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br><br>E.K. MCDANIELS, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 3:21-cv-00487-MMD-CSD<br><br>ORDER |

**I.　SUMMARY**

*Pro se* Plaintiff Shane Micheal Dahir, who is an inmate in the custody of the Nevada Department of Corrections, brings this action under 42 U.S.C. § 1983. (ECF No. 7.) Before the Court is a Report and Recommendation ("R&R") of United States Magistrate Judge Craig S. Denney (ECF No. 25), recommending the Court deny Plaintiff's motion for leave to amend his complaint (ECF No. 23).[1] Plaintiff filed an objection to the R&R.[2] (ECF No. 29 ("Objection").) Because the Court agrees with Judge Denney's analysis that the proposed amended complaint is deficient, the Court will adopt the R&R. Accordingly, the Court will deny Plaintiff's motion for leave to amend, but because amendment as to some of his proposed amended claims would not be futile, the Court will also grant Plaintiff leave to file another amended complaint.

**II.　BACKGROUND**

The Court incorporates by reference Judge Denney's description of the background of the case and recitation of Plaintiff's allegations in his proposed first amended complaint ("FAC"), provided in the R&R, which the Court adopts. (ECF No. 25 at 1-2, 4.)

---

[1]Plaintiff separately filed his proposed first amended complaint (ECF No. 20).

[2]Defendants did not respond to the Objection, and the deadline to do so has passed.

Plaintiff moved for an extension of time to amend his pleadings. (ECF No. 18.) Judge Denney granted him the extension to file a motion to amend and a proposed amended complaint. (ECF No. 22.) Plaintiff then timely filed the instant motion and proposed FAC.

**III.   DISCUSSION**

Because Plaintiff filed his Objection, the Court's review is de novo. *See* 28 U.S.C. § 636(b)(1) ("Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made."). In his Objection, Plaintiff argues that his amended complaint should be allowed to proceed in its entirety under Federal Rule of Civil Procedure 15(a)(2) because his proposed amended claims are "not futile because they can be cured." (ECF No. 29 at 1.) Plaintiff also argues that he did not receive the R&R until five days after it was issued, causing "undue delay." (*Id.*) The Court finds this undue delay argument unpersuasive because Plaintiff was not prejudiced by this delay given that he filed an Objection to the R&R and the Court is now considering the Objection.

In the R&R, Judge Denney found that Plaintiff fails to state a colorable Fourth Amendment unreasonable search claim and First Amendment retaliation claim because Plaintiff does not allege sufficient *facts* to support his claims against each alleged Defendant. (ECF No. 25 at 5-6.) Judge Denney also found that Plaintiff's "breach of duty" state tort claim fails as a matter of law because of Eleventh Amendment state immunity. (*Id.* at 6-8.) Plaintiff does not specifically object to any portion of Judge Denney's analysis, and the Court agrees with Judge Denney's analysis and findings. The Court accordingly adopts Judge Denney's recommendation to deny Plaintiff's motion for leave to amend because his proposed FAC is deficient as is.

But at the same time, under Rule 15(a)(2), the Court has discretion to grant leave to amend and should freely do so "when justice so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (quoting Fed. R. Civ. P. 15(a)). "In exercising its

discretion[,] 'a court must be guided by the underlying purpose of Rule 15—to facilitate a decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Nonetheless, the Court may deny leave to amend if: (1) it will cause undue delay; (2) it will cause undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

It is not clear to the Court that Plaintiff cannot cure the deficiencies that Judge Denney identified. Because Plaintiff's unreasonable search and retaliation claims fail for lack of sufficient factual matter, as Judge Denney explained (ECF No. 25 at 5-6), the Court finds that amendment would not necessarily be futile for these claims. Amendment would however be futile for Plaintiff's state tort claim because, as Judge Denney found (*id.* at 6-8), the state of Nevada is immune from suit on such a claim here. For these reasons—and because of Plaintiff's *pro se* status—the Court grants Plaintiff leave to amend only his Fourth Amendment unreasonable search and First Amendment retaliation claims to cure the deficiencies identified. This means that Plaintiff does not need to file another motion for leave to amend but may simply file a second amended complaint if he wishes to do so.

To be clear, the Court does not grant Plaintiff leave to amend in any way that he sees fit. As to his unreasonable search claim(s), Plaintiff has leave to amend to allege additional true *facts* to show: (1) what occurred, (2) how the searches were unreasonable, (3) which Defendants were involved in the search, and (4) what each Defendant personally did to violate Plaintiff's rights. As to his retaliation claim(s), Plaintiff has leave to amend to allege additional true *facts* to show: (1) a state actor took some adverse action against him (2) because of (3) the prisoner's protected conduct, and such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2004). Plaintiff also has leave to amend by adding parties and substituting the

true name of any Doe Defendant. Plaintiff is cautioned that the use of Doe Defendants is not favored in the Ninth Circuit, so he should attempt to determine an alleged bad actor's identity to properly name them as a defendant in this action. The Court does not give Plaintiff leave to assert new claims.

If Plaintiff chooses to file an amended complaint, he is advised that an amended complaint replaces the original complaint, so the amended complaint must be a complete pleading. This means that the amended complaint must contain all facts and claims and identify all Defendants that Plaintiff intends to sue. He must file the amended complaint on this Court's approved prisoner civil rights form, and it must be entitled "Second Amended Complaint." Plaintiff must follow the instructions on the form. He need not and should not allege very many facts in the "nature of the case" section of the form. Rather, in each count, he should allege facts sufficient to show what each Defendant did to violate his civil rights. He must file the amended complaint within 30 days from the date of this order.

In the meantime, this action is still proceeding with the Fourth Amendment unreasonable search claim against Defendant Jose Macias in the original complaint (ECF No. 7) as set forth in the original screening order (ECF No. 6).[3]

**IV.   CONCLUSION**

It is therefore ordered that Plaintiff's objection (ECF No. 29) to the Report and Recommendation of U.S. Magistrate Judge Craig S. Denney is overruled.

It is further ordered that Judge Denney's Report and Recommendation (ECF No. 25) is adopted.

It is further ordered that Plaintiff's motion for leave to amend (ECF No. 23) is denied.

---

[3]The Court notes a discrepancy in the level of factual detail of Plaintiff's unreasonable search claim against Macias between the original complaint and the proposed FAC. If Plaintiff chooses to file a second amended complaint, he is advised that to preserve this claim against Macias, he must allege this claim in no less factual detail than he has done so in his original complaint.

It is further ordered that Plaintiff may, if he wishes to do so, file a second amended complaint, without first filing a motion for leave to amend, to cure the deficiencies identified in his proposed first amended complaint within 30 days of the date of this order.

It is further ordered that this action continue to proceed with the Fourth Amendment claim against Macias in the original complaint as set forth in the original screening order.

DATED THIS 23rd Day of March 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE