UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHANE M. DAHIR,<br><br>　　　Plaintiff<br><br>v.<br><br>E.K. MCDANIELS, et al.,<br><br>　　　Defendants | Case No.: 3:21-cv-00487-MMD-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 35 |

　　　This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

　　　Before the court is Plaintiff's proposed second amended complaint (SAC) (ECF No. 35), which the court now screens. For the reasons set forth below, it is recommended that the proposed SAC be dismissed, and that Plaintiff proceed only with his Fourth Amendment unreasonable strip search claim against Macias in the original complaint.

**I. BACKGROUND**

　　　The court screened Plaintiff's original complaint and allowed him to proceed with a Fourth Amendment unreasonable search claim against Macias based on allegations that an inmate was purportedly thought to have a "banger," and as result, Macias ordered 10 inmates in the activity room to be strip searched in front of each other. When inmates complained, Macias said if they did not comply, he would "F*** up all of [their] s***." While Plaintiff complied, some inmates refused, arguing they did not want to strip in front of a transgender inmate. (ECF No. 6 at 7.)

Plaintiff's retaliation claim was dismissed without prejudice because while Plaintiff vaguely alleged that officers destroyed his property as a form of retaliation, he did not allege it was due to any protected First Amendment activity. (ECF No. 6 at 5-6.)

His claims against Lovelock Correctional Center's (LCC) Warden Garrett and other supervisor defendants were dismissed without prejudice as Plaintiff did not allege any personal participation in the alleged violations or that they knew about the alleged violations. (ECF No. 6 at 5.) All remaining claims were dismissed. (*Id*. at 7-9.)

Plaintiff then filed a motion for leave to amend and proposed first amended complaint (FAC), which the undersigned screened, and recommended that the motion be denied and the action proceed as set forth in the original screening order. (ECF No. 25.) The proposed FAC named Warden Tim Garrett, Associate Warden Kim LeGrand, Correctional Officers Macias and Saavedra, and John Doe Correctional Officers 1-6. He alleged that after he exercised his right to redress through the prison grievance process for a prior violation of due process during a disciplinary hearing, an egregious and unreasonable strip search was commenced where his property was lost or destroyed. Plaintiff alleged he asked to be strip searched in the bathroom, out of view of a transgender inmate and other inmates who were present, to no avail. He claimed the search was meant to harass, humiliate, or degrade. He asserted the incident was reported to the Inspector General's Office, and in response, another abusive search was conducted against Plaintiff, in which Macias, Saavedra and, John Does 1-6 were involved. He also said that Garrett and LeGrand were liable under a theory of supervisory liability because they were made aware but did nothing.

The undersigned interpreted the proposed FAC as attempting to assert two Fourth Amendment unreasonable strip search claims (one for the initial strip search, and a second

unreasonable strip search after complaints were lodged about the first), and possibly two retaliation claims (one based on activity that precipitated the first strip search, and the second based on reporting of the first strip search which resulted in the second strip search), as well as a state law negligence claim and supervisory liability claims against LeGrand and Garrett.

First, the undersigned concluded that Plaintiff did not state a sufficient claim for the Fourth Amendment unreasonable strip search because it contained no factual details regarding what each defendant did to violate his rights. As for the second search, Plaintiff did not provide facts regarding what occurred, how the search was unreasonable, which defendants were involved, and what each defendant did to violate his rights. Third, Plaintiff did not state a retaliation claim because he did not make any causal connection between his prior disciplinary hearing and the subsequent strip search (for the first retaliation claim), and he made no factual causal connection between the two strip searches (for the second retaliation claim). Fourth, Plaintiff did not include any facts to hold LeGrand and Garrett liable as supervisors. Finally, Plaintiff was not permitted to pursue his state law negligence claim.

Plaintiff objected to the report and recommendation. Chief Judge Du overruled the objection and adopted the report and recommendation. However, she gave Plaintiff another opportunity to amend to attempt to cure the deficiencies noted in the report and recommendation. As to the unreasonable search claims, Judge Du cautioned Plaintiff that he was required to allege facts that show: (1) what occurred, (2) how the searches were unreasonable, (3) which Defendants were involved in the search, and (4) what each Defendant personally did to violate Plaintiff's rights. As for the retaliation claim, Plaintiff was given leave to amend to allege additional facts to show: (1) a state actor took some adverse action against him (2) because of

(3) his protected conduct, and such action (4) chilled the exercise of his First Amendment rights and (5) it did not reasonably advance a legitimate correctional goal. Plaintiff was permitted to add parties and substitute the true name of any Doe defendant. (ECF No. 31.) Finally, Judge Du noted a discrepancy in the level of factual detail of Plaintiff's unreasonable search claim against Macias between the original complaint and the proposed FAC. Plaintiff was cautioned that if he chose to file a SAC, to preserve the claim against Macias, he must allege his claim in no less factual detail than in the original complaint. (*Id*. at 4 n. 3.)

Plaintiff has filed his proposed SAC (ECF No. 35), which the court now screens.

## II. SCREENING

**A. Standard**

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

5

**B. Plaintiff's Proposed SAC**

The proposed SAC names as defendants: LCC Warden Tim Garrett, LCC Gang Investigator Jose Macias, LCC Correctional Officers Brian Conway, Jonathan Ball, and Carlos Saavedra.

In Claim 1 of the SAC, Plaintiff asserts violation of his rights under the First Amendment. He avers that after filing grievances alleging misconduct on behalf of LCC officers, he was compelled to endure an egregious and destructive strip search intended to belittle and degrade. He asserts that the adverse acts can be circumstantial evidence based on the proximity to his seeking redress. He further avers that LCC officers have a history of vindictiveness. He states he is bringing this claim against Tim Garrett because he is "part and parcel to all grievances filed as being the warden" and Garrett should be allowed to remain a part of the case until he can determine who the proper defendants are in discovery. He then states that there is no doubt about the personal involvement of Macias, Conway, Ball, and Saavedra, but discovery is required to ferret out who gave the actual command. (ECF No. 35 at 3-4.)

In Claim 2, Plaintiff asserts a violation of his rights under the Fourth Amendment. Plaintiff alleges that Macias, in his role as head gang investigator, entered the activity room accompanied by at least eight other officers, including Conway, Ball, and Saavedra. He says they were "participants in the utter destruction dismay and egregious conduct that occurred." The ten inmates present were told one of them had a "banger," and as such, they were subject to being strip searched. Several inmates requested not to be compelled to do so in front of a transgender inmate. In response, Macias made derogatory remarks about the inmates genitals being the same, and if the inmates did not comply "he/they were going to f*** our s*** up." To avoid further hassle, Plaintiff stripped in front of everyone and endured the humiliation of spreading his

rectum in search of the "banger," which Plaintiff claims was never found. Plaintiff alleges that these defendants each took part in destroying his personal belongings, including legal work, family photos, clothing, and food items. Again, Plaintiff states that Warden Tim Garrett has been named to ferret out the true names of the other defendants, and Plaintiff requests that he should remain in the case until discovery reveals the other participants. Finally, Plaintiff vaguely mentions that notice was given on the grievance stage, to no avail. (*Id.* at 6-8.)

First, Plaintiff fails to state a retaliation claim in the proposed SAC. As with the proposed FAC, Plaintiff does not include any *facts* to demonstrate a causal connection between the prior filing of grievances and the subsequent strip search. While he mentions proximity, he includes no factual details about that so-called proximity. He does not assert *when* he filed the prior grievances or the factual context of those grievances, or who was involved. Nor does he allege when this took place in comparison to the search that is the subject of this action.

For these reasons, Plaintiff's retaliation claim should be dismissed, and because he has been given several attempts to state this claim, the dismissal should be with prejudice at this juncture.

As for the Fourth Amendment claim, Judge Du was clear that Plaintiff must allege what occurred, how the searches were unreasonable, which defendants were involved, what each defendant personally to violate Plaintiff's rights, and that the proposed SAC must contain at least as much factual detail as the original complaint with respect to Macias.

Plaintiff's Fourth Amendment unreasonable search claim contains fewer details than the original complaint as to Macias. Moreover, while Plaintiff identifies additional defendants—Conway, Ball, and Saavedra—he includes no *factual* allegations regarding their participation in

7

the alleged unreasonable searches, other than to say that they entered the cell with Macias initially and his belongings were subsequently destroyed.

Plaintiff provides minimal details about the strip search, and he provides no factual allegations regarding the role each defendant played in that search. As to the subsequent search and alleged destruction of his belongings, he again provides no factual detail and fails to state what role each defendant played in the search

Finally, Plaintiff has not included sufficient allegations to hold Warden Garrett liable under section 1983. Garrett cannot simply be a placeholder, as Plaintiff suggests. A supervisor may only be held liable if he or she is *personally* involved in the alleged constitutional violation. There must be "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). Plaintiff makes a vague assertion that the warden is "part and parcel to all grievances" but Plaintiff does not allege that Garrett actually received a grievance that put him on notice of an alleged constitutional violation and that Garrett could act to intervene and failed to do so. Therefore, Plaintiff should not be allowed to proceed against Warden Garrett.

In sum, the court recommends that Plaintiff not be permitted to proceed with the Fourth Amendment claim in the proposed SAC, and instead, Plaintiff should proceed only with the Fourth Amendment unreasonable search claim against Macias in the original complaint.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** the proposed SAC and allowing Plaintiff to **PROCEED** only with the Fourth Amendment unreasonable strip search claim against Macias in the original complaint.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: August 15, 2023

_____
Craig S. Denney
United States Magistrate Judge