UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SHANE MICHEAL DAHIR,<br><br>                    Plaintiff,<br>      v.<br><br>E.K. MCDANIELS, *et al.*,<br><br>                    Defendants. | Case No. 3:21-cv-00487-MMD-CSD<br><br>ORDER |

**I.      SUMMARY**

*Pro se* Plaintiff Shane Micheal Dahir, who is an inmate in the custody of the Nevada Department of Corrections, brings this action under 42 U.S.C. § 1983. (ECF No. 7.) The Court gave leave for Plaintiff to file a Second Amended Complaint ("SAC") (ECF No. 35) without seeking leave. (ECF No. 31.) Before the Court is a Report and Recommendation ("R&R") of United States Magistrate Judge Craig S. Denney relating to screening of the SAC. (ECF No. 36.) Judge Denney recommends that the Court dismiss the SAC—which includes First Amendment retaliation claims and Fourth Amendment unreasonable search claims—and allow Plaintiff to proceed with only his Fourth Amendment unreasonable strip search claim against a single Defendant, Macias, as alleged in his original complaint (ECF No. 7). Plaintiff filed objections to the R&R.[1] (ECF No. 37 ("Objection").)

The Court agrees with Judge Denney that the proposed SAC is deficient as to Plaintiff's First Amendment retaliation claim and adopts the R&R's recommendation to dismiss that claim with prejudice as to all defendants, given that Plaintiff has had multiple opportunities to provide additional facts. (ECF No. 36 at 7.) However, the Court sustains Plaintiff's objection as to his Fourth Amendment claims against Defendants Macias, Ball,

---

[1]Defendants did not respond to the Objection, and the deadline to do so has passed.

Conway and Saavedra. (ECF No. 37 at 2.) Here, the Court finds that Plaintiff has alleged sufficient facts in his SAC to proceed with Fourth Amendment unreasonable search claims. (ECF No. 35 at 4-5.) The Court dismisses Defendant Garrett as recommended in the R&R. (*Id.* at 8.) However, the Court construes Plaintiff's inclusion of Garrett in the SAC to retain adequately stated claims against John Does 1-6, and will allow Plaintiff to proceed against Doe Defendants implicated in the allegedly unreasonable search.

## II.     BACKGROUND

The Court incorporates by reference Judge Denney's description of the background of the case and recitation of Plaintiff's allegations in his SAC, provided in the R&R. (ECF No. 36 at 1-2.) In a previous report and recommendation (ECF No. 25) Judge Denney concluded that Plaintiff did not allege sufficient facts to state claims for First Amendment retaliation and Fourth Amendment unreasonable search in his proposed first amendment complaint ("FAC"). (ECF No. 20.) The Court adopted Judge Denney's report and recommendation, overruling Dahir's objection. (ECF No. 31.) While the Court found that amendment of the FAC would be futile, however, it granted Plaintiff leave to file a second amended complaint to cure the factual deficiencies. (*Id.* at 3-4.) Plaintiff moved for an extension of time to file a second amended complaint (ECF No. 32) and Judge Denney granted the motion (ECF No. 33). Plaintiff then timely filed his SAC.

## III.    DISCUSSION

Because Plaintiff filed the Objection, the Court's review is de novo. *See* 28 U.S.C. § 636(b)(1) ("Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made."). Plaintiff makes three objections to the R&R, contending that the SAC should stand or amendment should be allowed. (ECF No. 37.) Dahir specifically argues: (1) as to his retaliation claim, he has alleged sufficient facts to support a causal connection between the filing of protected grievances and unreasonable searches; (2) as to his unreasonable search claim,

Defendant Garrett is appropriately named because courts have found that high-level supervisory defendants may serve as initial placeholders to allow plaintiffs to reach discovery; and (3) he has provided as much factual specificity as reasonably possible about "who, what, when, [and] where" violations have occurred, given that video footage has been destroyed. (*Id.* at 2.) The Court considers the objections as to each claim.

### A.   First Amendment Retaliation (Claim 1)

First, the Court addresses Plaintiff's objection regarding his First Amendment retaliation claims. In granting Plaintiff leave to file a second amended complaint, the Court clarified that "Plaintiff has leave to amend to allege additional true *facts* to show: (1) a state actor took some adverse action against him (2) because of (3) the prisoner's protected conduct, and such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." (ECF No. 31 at 3.) Judge Denney concludes in his R&R that Dahir has failed to state a retaliation claim in his SAC because, as in his FAC, he does not include any facts to demonstrate a causal connection between the filing of grievances and subsequent strip searches. (ECF No. 36 at 7.) Dahir does not assert when the grievances were filed or provide the factual context of those grievances. (*Id.*) Plaintiff objects that "[t]here is a causal connection . . . wherein the 'search' took place shortly after seeking redress." (ECF No. 37 at 2.)

Here, the Court agrees with Judge Denney that Plaintiff alleges insufficient facts to support a link between Plaintiff's use of the grievance process and the strip searches in question. Although Plaintiff alleges in his SAC that he sought redress for a violation the "same year" as the search, he does not provide any additional facts about the violation for which he sought redress or otherwise connect it to the strip search. (ECF No. 35 at 3-4.) While Plaintiff notes that circumstantial evidence may support a claim for retaliation, mere general proximity in time without any additional detail—for example, reputation for submitting grievances or evidence of threatened grievances against a particular officer— is inadequate. *See Hines v. Gomez*, 108 F.3d 265, 268 (9th Cir. 1997). The Court also

3

notes that while Plaintiff stated in his original complaint and proposed FAC that officers conducted a second unreasonable search in retaliation to Plaintiff's complaints regarding the first strip search, Plaintiff does not allege any facts about this latter search in his SAC.[2] The Court accordingly overrules Plaintiff's objection and adopts Judge Denney's recommendation to dismiss Plaintiff's First Amendment retaliation claims against all defendants. (ECF No. 36 at 7.) Because this is Dahir's second opportunity to provide additional factual allegations, the Court dismisses these claims with prejudice. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

      **B.**    **Fourth Amendment Unreasonable Search (Claim 2)**

The Court next considers Plaintiff's objections regarding his Fourth Amendment unreasonable search claims. The Court granted Plaintiff "leave to amend [his unreasonable search claims] to allege additional true *facts* to show: (1) what occurred, (2) how the searches were unreasonable, (3) which Defendants were involved in the search, and (4) what each Defendant personally did to violate Plaintiff's rights." (ECF No. 31 at 3.) In the R&R, Judge Denney concludes that Dahir has failed to state a Fourth Amendment claim in his SAC, because despite naming additional defendants—Conway, Ball, and Saavedra—he includes no factual allegations about their participation in the unreasonable searches, other than the fact that they entered Plaintiff's cell with Macias and that Plaintiff's belongings were ultimately destroyed. (ECF No. 36 at 7-8.) Judge Denney also notes that Plaintiff provides limited details about the strip search itself or the role each defendant played in that search. (*Id.* at 8.) Finally, Judge Denney notes that the SAC contains fewer details than the original complaint regarding Defendant Macias's role in the search, and that the Court had previously clarified that any amended complaint must be a complete filing in itself. (*Id.*) Plaintiff objects that he has provided as much detail as he can

---

[2]As the Court noted when screening Dahir's FAC, in order for Plaintiff to state a colorable claim as to the second search, a second amended complaint must include facts about what occurred and who participated in that search. (ECF No. 36 at 3.)

reasonably obtain at this stage of litigation regarding the details of the search and the comparative roles of each defendant. (ECF No. 37 at 2.)

First, as to Defendants Conway, Ball, and Saavedra, the Court sustains Plaintiff's objection and finds that he has sufficiently stated claims for unreasonable search against these named defendants. (*Id.*) A strip search is unreasonable where it is "excessive, vindictive, harassing, or unrelated to any legitimate penological interest." *Michenfelder v. Sumner*, 860 F.2d 328, 332-33 (9th Cir. 1988). Dahir alleges in his SAC that the named defendants "each took part in callously, wantonly, destroying [his] personal belongings, namely being legal work, family photos, clothing, food items" while Plaintiff complied with orders to strip and endured sexual insults (ECF No. 35 at 4-5.) By alleging that important belongings, including legal documents, were destroyed—and that the named defendants each took part, at minimum, in that destruction while Plaintiff was unnecessarily exposed— Plaintiff pleads adequate facts which, if taken as true, plausibly support claims that all named defendants present at the search engaged in excessive and harassing search tactics. The Court agrees with Plaintiff that he has met the plausibility threshold and that without discovery, he cannot reasonably be expected to allege elaborate details about which aspects of that harassment are attributable to each defendant. (ECF No. 37 at 2.) The SAC's allegations are less conclusory than those stated in Plaintiff's proposed FAC, where he alleged that defendants "deliberately and/or with reckless disregard breached their duty to ensure [his constitutional rights were protected]" but did not provide details to support that legal conclusion. (ECF No. 20 at 5.)

Second, as Judge Denney notes, Plaintiff's SAC includes fewer details as to Defendant Macias than Dahir's original complaint. (ECF No. 36 at 8.) However, the SAC nevertheless includes sufficient facts to state a claim against Macias. For example, Dahir alleges that Macias specifically made "derogatory remarks" about his body and explicit threats at the beginning of the first humiliating strip search, and that he also participated in or directed the destruction of Plaintiff's belongings. (ECF No. 35 at 6.) The Court will

thus allow Plaintiff to proceed with his unreasonable search claim against Macias, as well as against Conway, Ball, and Saavedra, on the basis of the facts in his SAC.

Third, the Court dismisses the claims against Warden Garrett, as recommended in the R&R. (ECF No. 36 at 8.) Judge Denney concludes that Plaintiff has not included sufficient facts to hold Warden Garrett liable under Section 1983, because Plaintiff names Garrett merely as a "placeholder" who is "part and parcel to all grievances." (*Id.*) A supervisor may only be held liable if they were personally involved with the alleged constitutional violation. See *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (emphasizing that there must be "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation"). Here, Plaintiff has not alleged Warden Garrett's personal involvement.

While the Court dismisses the claims against Warden Garrett, however, it interprets Dahir's inclusion of Garrett in the SAC as an attempt to retain an unreasonable search claim against at least one Doe Defendant. See *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (emphasizing that *pro se* pleadings must be liberally construed). Dahir included claims against John Does in both his original complaint and his proposed FAC. (ECF Nos. 7 at 1, 20 at 1.) The Court subsequently cautioned Plaintiff that the use of Doe Defendants is disfavored by the Ninth Circuit and that he should attempt to determine an alleged bad actor's identity. (ECF No. 31 at 4.) While disfavored, however, use of Doe Defendants is not barred by the Ninth Circuit. Dahir made efforts to identify other officials involved in the search and to name them in his SAC. (ECF No. 35.) While he does not name any Doe defendants in his SAC, he indicates that "Tim Garrett has been named and should remain until discovery can reveal the specific other participants." (ECF No. 35 at 5.) He also emphasizes that Garrett serves as a placeholder in his Objection. (ECF No. 37.) This indicates that Warden Garrett is intended to serve the role of a Doe Defendant, allowing Dahir to determine the identities of other officers equally or more involved in the search than Saavedra, Ball, Conway and Macias. Thus, the Court will

liberally construe Plaintiff's SAC and allow him to proceed with claims against "John Does (1-6)", as he referred to unknown defendants in his original complaint.

## IV.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Plaintiff's Objection (ECF No. 37) to the Report and Recommendation of U.S. Magistrate Judge Craig S. Denney is sustained in part and overruled in part.

It is further ordered that the Report and Recommendation (ECF No. 36) of Magistrate Judge Craig S. Denney is adopted in part. Plaintiff's First Amendment retaliation claim is dismissed without leave to amend as to all Defendants. Plaintiff's claims against Warden Garrett are also dismissed without leave to amend.

It is further ordered that Plaintiff's Fourth Amendment unreasonable search claims against Defendants Macias, Ball, Conway, and Saavedra will proceed as set forth in Plaintiff's Second Amended Complaint (ECF No. 35). The Court further construes the Second Amended Complaint to include an unreasonable search claim against John Does 1-6, which will proceed as described in this Order.

DATED THIS 31st Day of October 2023.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE