UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SHANE MICHAEL DAHIR,

    Plaintiff

v.

E.K. MCDANIELS, et al.,

    Defendants

Case No.: 3:21-cv-00487-CSD

**Order**

Re: ECF No. 88

    Plaintiff has filed a motion for enlargement of time to complete discovery. He requests that he be given until October 30, 2025 to complete discovery. (ECF No. 88.)

## I. BACKGROUND

    This case was originally filed in 2021. On October 31, 2023, Plaintiff was allowed to amend to add a Fourth Amendment unreasonable search claim against additional defendants. (ECF No. 38.) Defendants filed their answer on December 18, 2023, and the court issued a new discovery plan and scheduling order (DPSO) on January 29, 2024, setting the deadline to complete discovery for June 17, 2024, and the deadline to file dispositive motions for July 17, 2024. (ECF No. 48.)

    The discovery deadline was then extended four times at Plaintiff's request, ultimately to December 16, 2024, with dispositive motions due by January 15, 2025. (ECF Nos. 51, 52, 54, 57, 58, 61, 62, 64.) The December 16, 2024 discovery deadline expired with no further requests for an extension. Defendants, however, requested and were twice granted an extension of the dispositive motions deadline to May 1, 2025. (ECF Nos. 69, 70, 74, 75.)

    Defendants filed their motion for summary judgment on May 15, 2025. (ECF No. 77.)

1 | Plaintiff filed a notice of appeal on June 2, 2025. (ECF No. 80.) On July 21, 2025, the
2 | Ninth Circuit dismissed Plaintiff's appeal. (ECF No. 85.)

3 | On July 23, 2025, Plaintiff was given an additional 30 days, until August 22, 2025, to file
4 | his response to Defendants' motion for summary judgment. (ECF No. 86.)

5 | On August 12, 2025, the Ninth Circuit issued its mandate on the order dismissing
6 | Plaintiff's appeal. (ECF No. 87.)

7 | On August 18, 2025, Plaintiff filed this motion requesting that discovery be extended to
8 | October 30, 2025. (ECF No. 88.)

## II. DISCUSSION

When a motion to extend time is filed before the time period expires, the court may grant the extension on a showing of good cause with or without motion or notice if the court acts, or if a request is made. Fed. R. Civ. P. 6(b)(1)(A).

When a motion to extend time is filed "after the time has expired" pursuant to Federal Rule of Civil Procedure 6(b), the court may extend the time upon a showing of and "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

Plaintiff's motion is supported by an affidavit that is dated in August *2024*. (ECF No. 88 at 6-7.) He does not provide an explanation of why he had insufficient time to conduct discovery between the time discovery was reopened after he was granted leave to amend in January of 2024, until December of 2024. Nor does he establish excusable neglect for failing to request an extension of discovery *before* discovery closed in December 2024, or explain why he waited eight months after the close of discovery to file this motion.

As such, Plaintiff's motion to extend discovery is denied; however, the court will give Plaintiff one final opportunity to oppose Defendants' pending motion for summary judgment.

### III. CONCLUSION

Plaintiff's motion for an extension of time to complete discovery (ECF No. 88) is **DENIED**; however, Plaintiff has up to and including **September 5, 2025** to file a response to Defendants' pending motion for summary judgment.

**IT IS SO ORDERED**.

Dated: August 19, 2025

_____
Craig S. Denney
United States Magistrate Judge