# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

SHANE MICHAEL DAHIR,

    Plaintiff

v.

E.K. MCDANIELS, et al.,

    Defendants

Case No.: 3:21-cv-00487-CSD

**Order**

Re: ECF No. 90

    Plaintiff has filed a motion for enlargement of time. (ECF No. 90.) Plaintiff requests an additional 365 days from August 28, 2025 to August 28, 2026. He does not specify what he needs an additional year's time to do, but mentions that he will be expiring his sentence on October 18, 2025, and will be moving to Nebraska.

    Plaintiff goes on to state that the order referring this matter to the magistrate judge on consent at ECF No. 50 is illegal. As a result, he asserts that the undersigned should be removed from this case and that all "judgments" made are void as of January 30, 2024 (the date of the referral on consent).

    This action was filed by Plaintiff in November of 2021, was assigned to District Judge Du and the undersigned as magistrate judge. (ECF No. 1-1.) The case was screened by the court on March 30, 2022. (ECF Nos. 6, 7.) The case was then stayed while the parties participated in the court's early mediation program. The June 21, 2022, mediation was unsuccessful. (ECF No. 10.) The stay was lifted on July 8, 2022, and an answer was filed shortly thereafter. (ECF Nos. 13, 14.) The court issued an initial scheduling order on August 18, 2022, and that same day the notice went out to the parties informing them they could elect to consent to proceed with the

assigned magistrate judge. A magistrate judge may preside over the case for all purposes only if all parties voluntarily consent. The docket entry specifically states that the AO 85 consent forms are not to be electronically filed, and on consent of all parties the form is to be manually filed with the clerk's office. (ECF No. 16.)

All parties apparently did not consent at that time, and the case proceeded before District Judge Du and the undersigned as the magistrate judge.

Several extensions of the scheduling order deadlines were granted, and Plaintiff was allowed to amend his complaint. Once the second amended complaint was served and an answer filed, a case management conference was set for January 29, 2024. (ECF Nos. 35, 42, 43, 44.)

Plaintiff filed his case management report indicating he did not consent to the magistrate judge presiding over his case; however, Defendants' case management report indicated they did consent. (ECF Nos. 45, 46.) The court conducted a case management conference on January 29, 2024, and advised the parties again of the availability of the magistrate judge under the consent protocol. (ECF No. 47.) That same day, another scheduling order went out (ECF No. 48), and as is the court's practice, the form advising the parties of the consent process was issued again on January 30, 2024, at 7:43 a.m. (ECF No. 49.) That same day at 4:47 p.m., District Judge Du issued an order referring the case to the magistrate judge on consent. The page of Defendants' case management report indicating their consent (ECF No. 50 at 2) and an AO 85 consent form signed by Plaintiff on August 19, 2022 with Judge Du's signature on January 30, 2024, were docketed (ECF No. 50 at 1).

Plaintiff subsequently sought and was granted several extensions of the discovery plan and scheduling order. (ECF Nos. 51, 52, 54, 57, 58, 61, 62, 64.) Discovery closed on December 16, 2024. (ECF No. 64.) Defendants then sought and were granted two extensions of the

dispositive motions deadline, with the deadline ultimately extended to May 16, 2025. (ECF Nos. 69, 70, 74, 75.) Defendants filed their motion for summary judgment on May 15, 2025. (ECF No. 77.)

Plaintiff filed a notice of appeal on June 2, 2025 (ECF No. 80), which was dismissed by the Ninth Circuit on July 21, 2025 (ECF No. 85.) The court then gave Plaintiff an additional 30 days, until August 22, 2025, to file his response to Defendants' motion for summary judgment. (ECF No. 86.)

On August 18, 2025, Plaintiff sought an extension of time until October 30, 2025 to conduct discovery. (ECF No. 88.) On August 19, 2025, the court denied his motion, setting out in great detail the relevant procedural history, and noting that discovery had closed in December of 2024, and Plaintiff had not demonstrated excusable neglect to justify reopening discovery. The court did, however, give Plaintiff until September 5, 2025, to file his response to Defendants' motion for summary judgment. (ECF No. 89.)

Apparently displeased with that order, Plaintiff filed this motion for enlargement of time until August 28, 2026. (ECF No. 90.) In this motion, Plaintiff states, for the first time, that the consent order entered in January of 2024 is invalid.

Plaintiff states that ECF No. 50 is a refiling of ECF No. 16, from August 18, 2022, and that it was filed on January 30, 2024 with an "expired document."

Plaintiff states he needs an extension until August 28, 2026, so he can do the following: investigate who at Lovelock Correctional Center defrauded the court; to remove me from the case; and because he is expiring his sentence on October 18, 2025, and will be moving back to Nebraska and will need time to make this transition and find an attorney after his sentence expires.

It appears to the court that Plaintiff mailed to the Clerk the signed AO 85 form consenting to the magistrate judge presiding over his case when the notice of consent was initially issued in August 2022. When the Defendants subsequently indicated they also consented to the magistrate judge presiding over the case in January 2024, both parties had consented to the magistrate judge presiding over this case, albeit with some time in between the consent being given by each side. Plaintiff did not raise any objection to the magistrate judge presiding over his case until some eight months later, after he received an adverse ruling regarding his request to reopen discovery.

Plaintiff does not appear to dispute that he filed the consent form back in 2022, and the consent was not conditional; therefore, the court does not agree that the consent was "illegal." If Plaintiff wishes to challenge or otherwise withdraw his consent, he must file a properly supported motion, which will be assigned to a district judge for a ruling. *See Branch v. Umphenour*, 936 F.3d 994, 1001-02 (9th Cir. 2019) (citing 28 U.S.C. § 636(c)(4); Fed. R. Civ. P. 73(b)(3)).

Finally, Plaintiff's request for an additional 365 days, from August 28, 2025, to August 28, 2026, is denied as Plaintiff does not specify what he needs to do in an additional year's time, particularly when this case was filed in 2021 and the parties have had ample time to conduct discovery and brief dispositive motions.

Plaintiff mentions that he will be expiring his sentence on October 18, 2025, and will be moving to Nebraska. However, the only thing that remains to be done at this juncture is for Plaintiff to file a response to Defendants' motion for summary judgment. This motion has been pending since May 15, 2025, and the court has already given Plaintiff several extensions of time to file his response. This can be accomplished well before Plaintiff's sentence expires in October, and will need to occur regardless of whether he files a motion challenging consent.

**CONCLUSION**

Plaintiff's motion for an extension of time (ECF No. 90) is **DENIED**. The court will, however, give Plaintiff up to and including **September 15, 2025** to file his response to Defendants' motion for summary judgment. There will be no further extensions of this deadline.

**IT IS SO ORDERED**.

Dated: September 2, 2025

_____
Craig S. Denney
United States Magistrate Judge